No. 2337.—SUCCESSION OF ARTHUR W. HORLOR.

Where an administratrix has been appointed after a contest for the position, she is allowed ten days to execute her bond and qualify. The appointment of another party by the judge before the ten days has elapsed is therefore null and of no effect.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *A. L. Tissot*, for appellee. *Hornor & Benedict*, for appellant.

WYLY, J. James H. Jones, a creditor, applied for the administration of this succession and the surviving widow of the deceased opposed it and asked for the appointment.

The suit was tried, and on the ninth day of February, 1869, the judgment was signed, maintaining the opposition and ordering the opponent, Mrs. Horlor, to be appointed on giving bond and qualifying according to law.

On the nineteenth day of February, 1869, the said Jones presented a petition to the judge, alleging that the said administratrix had suffered more than ten days to elapse since her appointment without having qualified or caused an inventory to be begun; and he prayed the court to appoint him administrator, which was done on the same day. He then obtained an inventory and an order for the sale of the property.

Mrs. Horlor then instituted this proceeding to arrest the sale of the property and to set aside the appointment of the said J. H. Jones. The court gave judgment in her favor and he has appealed.

The appointment of Jones was intended to be made under the act of 1855, which provides "that whenever the testamentary executor or any other administrator of a succession shall suffer ten days to elapse after his confirmation or appointment without having either qualified or caused an inventory to be at least begun, the judge shall forthwith and *ex officio* appoint a successor in office, as if no such officer had been confirmed or appointed." In the case before us the ten days had not yet elapsed when the judge *ex officio* appointed Jones, and the appointment was consequently illegal.

It is therefore ordered that the judgment appealed from be affirmed with costs.